IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| **JAMES HAROLD BISHOP, JR.,** : | |
| : | |
| Plaintiff, : | |
| : | NO. 4:25-cv-00215-CDL-AGH |
| V. : | |
| : | |
| **COLUMBUS METRA TRANSIT,** : | |
| *et al.*, : | |
| : | |
| Defendants. : | |

## ORDER OF DISMISSAL

*Pro se* Plaintiff James Harold Bishop, Jr., a detainee in the Muscogee County Jail in Columbus, Georgia, filed a complaint under 42 U.S.C. § 1983. ECF Nos. 1 & 6. He also moved for leave to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). ECF No. 7. Thereafter, Plaintiff was granted leave to proceed IFP and ordered to pay an initial partial filing fee of $35.62. ECF No. 8. Plaintiff was given fourteen days to pay the filing fee and was cautioned that his failure to do so may result in the dismissal of this case. *Id.*

The time for compliance passed, and Plaintiff failed to pay the initial partial filing fee or otherwise respond to the Court's order. Accordingly, Plaintiff was ordered to show cause to the Court why this case should not be dismissed based on his failure to pay the initial partial filing fee. ECF No. 9. Plaintiff was given fourteen days to respond and was cautioned that his failure to do so would likely result in the dismissal of this action. *Id.*

More than fourteen days have passed since the order to show cause was entered, and

Plaintiff has not responded to that order. Moreover, mail sent to Plaintiff at the Muscogee County Jail, the only address on file for Plaintiff, has been returned to this Court as undeliverable. ECF No. 10. As this Court has no information about Plaintiff's current whereabouts, this case cannot continue.

Therefore, because Plaintiff has failed to respond to the Court's orders or otherwise prosecute this case, his complaint is now **DISMISSED WITHOUT PREJUDICE**. *See* Fed. R. Civ. P. 41(b); *Brown v Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (per curiam) (first citing Fed. R. Civ. P. 41(b); and then citing *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)) ("The [C]ourt may dismiss an action sua sponte under Rule 41(b) for failure to prosecute or failure to obey a court order.").

**SO ORDERED**, this 22nd day of January, 2026.

S/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA